33 F.3d 64
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re David B. LOADER.
 No. 93-1471.
 United States Court of Appeals, Federal Circuit.
 Feb. 18, 1994.
 
 PTO
 DISMISSED.
 NIES, Chief Judge, SMITH, Senior Circuit Judge, MAYER, Circuit Judge.
 ORDER
 NIES, Chief Judge.
 
 
 1
 Appellant appeals from a decision of the Patent and Trademark Office Board of Patent Appeals and Interferences upholding the examiner's rejection of claims 1-13, all claims, of application Serial No. 07/062,436 for indefiniteness under the second paragraph of 35 U.S.C. Sec. 112 (1988). Claims 1-12 are process claims. Appellant does not appeal rejection of the process claims and advises that he intends to file a continuation in part covering the inventions of those claims. Claim 13 which is appealed reads:
 
 
 2
 A program storage device readable by a machine and tangibly embodying a representation of a program of instructions adaptable to be executed by said machine to perform any one of the methods of claims 1, 8, 9, 10, 11, or 12.
 
 
 3
 Appellant argues that claim 13 was rejected on the additional ground that the claim is directed to printed matter.
 
 
 4
 Appellant concedes that the methods incorporated into claim 13 are unpatentable and that claim 13 is also unpatentable without a patentable process claim. He states he appeals the rejection of claim 13 to avert the possibility of the Board's ruling on claim 13 being given any preclusive effect in the continuation application and also to obtain a ruling on the claim language which we surmise he intends to place in the continuation in part application.
 
 
 5
 The claim before us, however, cannot possibly lead to issuance of a patent on this application. Indeed, there is no case or controversy respecting the patentability of claim 13. Any opinion of this court, therefore, would be merely advisory. Cf. In re Dien, 680 F.2d 151, 154-55, 214 USPQ 10, 14 (CCPA 1982). Further, under principles of res judicata, the Board's ruling on indefiniteness of the claim language of claim 13 (apart from the incorporated indefinite method claims) has no issue preclusive effect, being unnecessary to the result. Restatement (Second) of Judgments Sec. 27 cmt. i (1982). Accordingly we express no opinion on the appropriateness of the language of claim 13.
 
 
 6
 Having concluded that oral argument on the merits would serve no purpose, the cancelled hearing will not be rescheduled. IT IS ORDERED THAT the appeal is dismissed for lack of jurisdiction.